## In re Barger

*Frank H. Fay*, for petitioner; *Hays W. Culp*, for respondent.

PATTERSON, P. J., December 14, 1932.—This is a petition by Roxie Barger for an allowance for support out of funds in the hands of The Altoona Trust Company, guardian in charge of the estate of petitioner's husband, Wilbur Barger, a weak-minded person now confined in the Blair County Hospital. The Blair County Hospital authorities have demanded of The Altoona Trust Company, guardian, the sum of $7.50 per week for the maintenance, care and support of the said Wilbur Barger, his total income being $37.50 per month, paid monthly by the Pennsylvania Railroad Relief Association.

The petitioner has asked this court to reduce the amount allowed to the hospital from $7.50 per week to $4.50 and for an order on said trust company directing the balance of said $37.50 to be paid to petitioner for her maintenance and support.

Testimony was taken in open court November 7, 1932, at which time the petitioner stated that about 5 years ago she took her husband to the residence of his mother, who was then living, and left him there, although the mother was old, unable to properly care for herself, and objected to assuming the care of her son. The wife stated further that she visited her husband at the mother's home every week for a period of years and gave him a bath and some other personal attention. Other than this service she lived separate and apart from him, gave him no care, failed to administer to his comfort, denied him companionship, and left him in his enfeebled mental and physical condition with his aged mother.

As we understand the law, it was her duty to continue her duties as his wife in time of sickness as well as in health, and when this husband needed the petitioner at the most critical time in his life she was away from him, neglecting him, and, so far as this record goes, almost entirely forgetting him in disregard of her marital obligations. There was no evidence offered that would excuse her for this apparent heartless neglect of her husband. The limited attention which she gave him for an hour or two each week is not sufficient to entitle her to recover against his estate, and we are of opinion that the first obligation to be paid out of any funds due Wilbur Barger should be for his maintenance and support at the Blair County Hospital where he is now confined. The testimony in this case fails to show any reason for further relieving the petitioner from her obligations, to the prejudice of the taxpayers of Blair County.

The rule heretofore granted is hereby discharged and The Altoona Trust Company, guardian of Wilbur Barger, is authorized and directed to continue the payment of $7.50 per week to the Directors of the Poor of Blair County for the maintenance and support of the said Wilbur Barger so long as he is therein confined and until further order of this court.

From Robert W. Smith, Hollidaysburg, Pa.